UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DENNIS LEE,

                             Plaintiff,

        -against-

P.O. TORRES, Tax Registry No. 937644 of the City of New York in his Official Capacity, The CITY of NEW YORK, DEPARTMENT OF INSURANCE of the STATE of NEW YORK, DEPARTMENT of EDUCATION of the STATE OF NEW YORK, WILLIAM BROOKS, Hearing Officer for the Department of Education of the State of New York, in his Official Capacity, LAURETTE HARRIS of VESID, in her Official Capacity, MARK WEINSTEIN of VESID in his Official Capacity, BRIAN ALVARADO of VESID in his Official Capacity, JONA ASPERGER of VESID in her Official Capacity, ANGELA LOCKHART of VESID in her Official Capacity, The METORPOLITAN TRANSPORTATION AUTHORITY ( MTA), THE NEW YORK CITY HOUSING AUTHORITY, G.M. McRAE of the NYCHA in her Official Capacity, MONIQUE LEBRON of the NYCHA in her Official Capacity.

                             Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-cv-2659 (CBA) (ALC)

**AMON, Chief United States District Judge**.

      Plaintiff Dennis Lee, proceeding pro se, brings this action against the following entities and individuals: the City of New York, Police Officer Torres of the New York City Police Department ("NYPD"), the New York City Housing Authority ("NYCHA"), the Metropolitan Transportation Authority ("MTA"), the New York State Insurance Department ("NYSID"), the New York State Education Department ("NYSED"), two NYCHA employees, five current or

1

former employees of the New York State Office of Vocational and Educational Services for Individuals with Disabilities ("VESID"), and NYSED hearing officer William Brooks.

Each of the following parties or group of parties has filed a motion to dismiss the plaintiff's complaint: (1) the City; (2) the "State Defendants," which includes the NYSED, the NYSID, and four individual VESID employees; (3) the MTA; and (4) William Brooks.[1] The plaintiff, in turn, seeks to add new parties as defendants in this action. For the following reasons, the plaintiff's complaint is dismissed in its entirety. The plaintiff's motion to add additional parties to this action is denied.

## I. The plaintiff's litigation history

The plaintiff has a history of filing lawsuits in federal court. Between 1998 and 2002, he filed six actions in the United States District Court for the Southern District of New York. Lee v. City of Buffalo, et al., No. 98-cv-3141, Docket No. 8 (S.D.N.Y. Sept. 9, 1998) (dismissed for failure to prosecute); Lee v. United States, et al., No. 98-cv-7883, 1999 WL 335830 (S.D.N.Y. 1999) (dismissed for failure to comply with Rule 8); Lee v. United States, et al., No. 00-cv-4163, 2000 WL 1597852 (S.D.N.Y. 2000) (dismissed without leave to replead), aff'd Lee v. Underhill Wiping Cloth, 13 Fed App'x 62 (2d Cir. 2001); Lee v. United States, No. 02-cv-0095, Docket No. 3 (S.D.N.Y. Jan. 28, 2002) (dismissed with prejudice), aff'd 53 Fed. App'x 155 (2d Cir. 2002); Lee v. Volunteers of America, 02-cv-9794, Docket No. 26 (S.D.N.Y. Aug. 25, 2003)

---

[1] As to the remaining defendants, counsel for the State Defendants has represented, upon information and belief, that individual defendant Angela Lockhart has not been properly served with the plaintiff's complaint and has not requested representation from the Office of the Attorney General. Similarly, counsel for the City has represented, upon information and belief, that individual defendant and NYPD police officer Lee Torres has not been properly served and has not requested representation from the Office of the Corporation Counsel. Neither party has appeared in this action. Finally, the City has not indicated in its motion papers whether it moves on behalf of the NYCHA. Nonetheless, for the reasons discussed herein, the Court finds that the complaint should be dismissed in its entirety as to all named defendants, including the NYCHA, Lockhart, and Torres.

(dismissed with prejudice); Lee v. City of New York, No. 04-cv-2740, 2005 WL 2365320 (S.D.N.Y. 2005) (dismissed with prejudice), aff'd 181 Fed. Appx. 55 (2d Cir. 2006).

Each of the plaintiff's previous complaints asserted that various defendants were part of a broad and wide-ranging conspiracy to violate the plaintiff's rights. District court judges described the plaintiff's complaints in these earlier actions as "lengthy and hard to understand" and "incomprehensible." See Lee v. United States, 2000 WL 1597852, at *1. All six actions were dismissed at the pleadings stage. In the most recent action, the Honorable Richard Casey, United States District Judge, "enjoined [the plaintiff] from filing any new action that raises claims that are the same as or similar to the claims presented in the instant complaint without prior court approval." Lee v. City of New York, 2005 WL 2365320, at *3.

## II. The allegations in the plaintiff's complaint

Like the complaints filed by the plaintiff in his previous actions, the Second Amended Complaint filed in this action is difficult to understand. The plaintiff's principal claim appears to be that the NYPD has a custom of keeping him under surveillance and also encourages the public to stalk him. The plaintiff claims that the NYPD's surveillance has interfered with his right to associate and with his ability to gain lawful employment. The plaintiff alleges that the other defendants are part of—or at least complicit in—the NYPD's "culture of surveillance." (Compl. ¶ 83.) According to the plaintiff, the defendants' conduct is motivated by racial animus and retaliation. (Id. ¶ 4.)

The details of the alleged surveillance scheme and the nature of each defendant's alleged involvement are far from clear. The plaintiff's complaint makes vague references, in a very disjointed manner, to a litany of incidents involving the various defendants. He claims that these incidents, taken together, evidence an overarching conspiracy against him. For example, the

complaint refers to an incident where two NYPD police officers allegedly blocked the plaintiff's access to a sidewalk and issued him a ticket for spitting on the sidewalk. (Id. ¶¶ 2-9.) The plaintiff claims these officers were stalking him as part of the NYPD's policy to keep him under constant surveillance. (Id. ¶ 9.) The plaintiff claims that the other defendants participated in various ways in NYPD's "culture of surveillance," either by "complicity or inaction or both." (Id. ¶¶ 38, 50.) He contends, for example, that the NYCHA and its employees have not only failed to protect him from NYPD harassment, but have also participated in the scheme by providing the plaintiff with false information about his housing program, by inspecting his apartment for no reason, and by refusing to renew his lease. (See id. ¶¶ 14-16, 40-53, 94-97.)

The plaintiff also alleges that the MTA for years has allowed its employees to use its transportation system to track him. (See id. ¶¶ 54, 64, 78.) According to the plaintiff, the MTA also ensured that the plaintiff was denied medical coverage after he was involved in an accident involving an MTA vehicle that was stalking him. (Id. ¶¶ 54-65.) He contends that because of the NYSID's own complicity in this "culture of surveillance," the NYSID went along with the scheme and denied him coverage. (Id. ¶ 69.)

Next, the plaintiff alleges that employees of VESID, an office of the NYSED, unlawfully gathered and disseminated confidential information about the plaintiff's medical history with law enforcement. (Id. ¶¶ 82-88.) He does not specify what information these employees obtained, how they got it, who they shared it with, or when. Finally, the plaintiff states that when he requested a hearing about VESID's discriminatory practices, NYSED hearing officer William Brooks permitted unauthorized inquiries into the plaintiff's medical history during that hearing. (Id. ¶¶ 89-90.)

The plaintiff asserts that all of these actions violated 19 U.S.C. § 1983, Title I of the Civil Rights Act of 1964, the Fair Housing Act, and the First, Fourth, and Fourteenth Amendments of the United States Constitution. The plaintiff seeks an injunction that would prohibit the defendants from interfering with his daily activities, readmit him to VESID, restrain the NYCHA in its efforts to oust him from his housing program, and restrain the surveillance activities by the NYPD. (Compl. ¶ 98.)

## III. Standard of review

Pro se pleadings "must be read liberally and should be interpreted to raise the strongest arguments that they may suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks omitted). Nevertheless, pro se complaints remain, as any other complaint, vulnerable to dismissal under Rule 12(b)(6). See Brickhouse v. City of N.Y., 2010 WL 3341845, at *2 (S.D.N.Y. 2010) ("Pro se plaintiffs nevertheless remain subject to the general standard applicable to all civil complaints[.]").

Rule 8 of the Federal Civil Rules of Procedure requires a pleading to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). "Pleadings are to give 'fair notice of what the plaintiff's claim is and the grounds upon which it rests' in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case." Biviano v. Briemann, 2010 WL 335603, at *1 (E.D.N.Y. 2010) (quoting Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). In addition, to withstand a motion to dismiss under Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A

5

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

IV.     **The defendants' motions to dismiss**

As an initial matter, the State Defendants and the City argue that the plaintiff's complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the filing injunction issued by the Honorable Richard Casey in Lee v. City of New York, 2005 WL 2365320 (S.D.N.Y. 2005), aff'd 181 Fed. Appx. 55, 56 (2d Cir. 2006). Judge Casey enjoined the plaintiff from "filing any new action that raises claims that are the same as or similar to the claims presented in the instant complaint without prior court approval." Id. at *3. The Second Circuit affirmed the injunction. 181 Fed. Appx. at 56. However, neither Judge Casey's nor the Second Circuit's order specifies whether the plaintiff is prohibited from filing similar actions in any district court, or only in the Southern District of New York. Nor does it specify what would constitute claims "similar to the claims presented" in that action. Naturally, the parties dispute whether this action falls within the scope of Judge Casey's filing injunction.

The Court need not decide whether Judge Casey's order bars the instant action because, even if it does not, the plaintiff's complaint must be dismissed. This Court, like the other courts who have reviewed the plaintiff's claims, finds that the complaint fails to "provide the Court or the Defendants with any indication of a valid claim." Lee v. City of New York, 2005 WL 2365320, at *3. As alleged, the conclusory and vague assertion that the thirteen defendants participated in a vast conspiracy to stalk the plaintiff, spearheaded by the City of New York, is highly implausible. The complaint asserts that each defendant was part of the City's "culture of surveillance," but the various incidents referred to in the complaint appear entirely unrelated.

None of the allegations in the complaint provide a plausible basis to link together the incidents described, or to link the named parties together in an overarching conspiracy. See Bodner v. Banque Paribas, 114 F. Supp. 2d 117, 125 (E.D.N.Y. 2000) (noting that the Second Circuit "has dismissed complaints which plead conspiracy in vague or conclusory terms and which do not allege specific instances of misconduct in furtherance of the conspiracy"). Moreover, although the plaintiff asserts that racial animus and retaliation were the motivating factors behind this conspiracy, there are no coherent factual allegations in the complaint to support that conclusion.

In addition, looking at the allegations against each particular defendant, the plaintiff's unclear and disjointed description of the events underlying his claims fails to put any defendant on adequate notice of the exact basis of the claims against it. There are brief portions of the plaintiff's complaint that, construed very liberally, could conceivably give rise to discrete claims against particular defendants under state or federal law. For example, the plaintiff suggests that Police Officer Torres stopped him without probable cause for spitting on the sidewalk, (compl. ¶ 1), and suggests that he believes the NYCHA violated the Fair Housing Act and denied him due process of law by refusing to offer him a lease renewal without a hearing, (compl. ¶¶ 45, 47). However, the complaint does not describe any of these isolated grievances with sufficient specificity or clarity to give rise to a plausible claim for relief. Moreover, the plaintiff clearly believes that these seemingly unrelated incidents are all part of a single conspiracy against him. Nothing in the complaint suggests that the plaintiff is intending to pursue any claims for relief against the individual defendants based on these discrete incidents, but rather cites to these events only in support of his generalized conspiracy claim. This is made clear by the primary relief sought in the plaintiff's complaint: an injunction stopping all of the defendants' from interfering with his daily activities.

7

Taken as a whole, the conspiracy allegations in the plaintiff's complaint are too vague, disjointed, and implausible to state a plausible claim for federal relief. The action therefore is dismissed.

## V. The plaintiff's motion to add additional defendants

The plaintiff seeks to add defendants to this action. First, the plaintiff has moved to add William F. Mackey, who appears to have been appointed by the Supreme Court of New York in an unrelated action to be "Receiver of the rents" of the premises at which the plaintiff resides or used to reside. (See Docket Nos. 89-90.) The plaintiff asserts that Mackey took the plaintiff's rent but did not apply that rent to his accounts receivables. (Id.) The plaintiff believes Mackey's actions were motivated by racial animus, and by Mackey's complicity with the other defendants' conspiracy. (Id.) Second, the plaintiff has submitted a letter that vaguely refers to the U.S. Department of Housing and Urban Development's ("HUD") failure to make appropriate accommodations available to the plaintiff. (Docket No. 92.) The plaintiff states that he will "leave it to the Court to decide whether HUD should be joined as a necessary party. . . ." (Id.)

Because the Court has dismissed the plaintiff's conspiracy claims as implausible, it would be futile to permit the plaintiff to bring those same claims against additional defendants. Accordingly, the motion to add additional parties is denied.

## VI. Conclusion

For the foregoing reasons, the plaintiff's complaint is dismissed in its entirety and the plaintiff's motion to add new parties is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York                                    /s/
      May 11, 2012                                       Carol Bagley Amon
                                                             United States District Judge