FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 09 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENNIS LEE,

                Plaintiff,

     -against-

P.O. TORRES, Tax Registry No. 937644 of the City of New York in his Official Capacity, The CITY of NEW YORK, DEPARTMENT OF INSURANCE of the STATE of NEW YORK, DEPARTMENT of EDUCATION of the STATE OF NEW YORK, WILLIAM BROOKS, Hearing Officer for the Department of Education of the State of New York, in his Official Capacity, LAURETTE HARRIS of VESID, in her Official Capacity, MARK WEINSTEIN of VESID in his Official Capacity, BRIAN ALVARADO of VESID in his Official Capacity, JONA ASPERGER of VESID in her Official Capacity, ANGELA LOCKHART of VESID in her Official Capacity, The METORPOLITAN TRANSPORTATION AUTHORITY ( MTA), THE NEW YORK CITY HOUSING AUTHORITY, G.M. McRAE of the NYCHA in her Official Capacity, MONIQUE LEBRON of the NYCHA in her Official Capacity.

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-cv-2659 (CBA) (ALC)

**AMON, Chief United States District Judge**.

       The plaintiff's complaint alleges that the various defendants are part of a wide-ranging conspiracy to violate his constitutional rights. On May 11, 2012 the Court dismissed the plaintiff's complaint on the grounds that the conspiracy allegations were "too vague, disjointed, and implausible to state a plausible claim for federal relief." (DE#93 at 8 ("May 11 Order").) The Court also denied the plaintiff's motion to add additional defendants to this action.

1

On May 14, 2012, the plaintiff filed a "Motion under Rule 52(a)(2) and Rule 52(b) of the FRCP for findings and conclusions by the Court." Federal Rule of Civil Procedure 52(b) provides that on motion of a party filed within 28 days after the entry of a judgment, "the court may amend its findings – or make additional findings – and may amend the judgment accordingly." Fed R. Civ. P. 52(b). The plaintiff appears to be arguing that because his complaint sought injunctive relief, the Court was required under Rule 52(a)(2) to "state the findings and conclusions" in support of its action. See Fed. R. Civ. P. 52(a)(1)(2). This argument overlooks that the Court's May 11 Order granted a motion to dismiss brought by various defendants pursuant to Federal Rule of Civil Procedure 12, and that a "court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. 52(a)(1)(3). Moreover, the Court's May 11 Order specified the Court's reasons for dismissing the plaintiff's complaint.

The Court construes the plaintiff's submission as a motion brought pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of the May 11 Order. A motion for reconsideration will only be granted "if the moving party presents factual matters or controlling decisions the court overlooked that might have materially influenced its decision." Ocello v. City of N.Y., 2008 WL 2827424, at *5 (E.D.N.Y. 2008) (citing Pereira v. Aetna Cas. & Sur. Co., 921 F. Supp. 1121, 1123 (S.D.N.Y. 1996)). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) (quoting Codero v. Astrue, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008)). "'A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for

relitigating issues already decided by the Court.'" Id. (quoting Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

The plaintiff has not presented any facts or controlling legal decisions that the Court overlooked in granting the defendants' motion to dismiss the plaintiff's complaint. Instead, the plaintiff reemphasizes why he believes the allegations in his complaint demonstrate the existence of a conspiracy to violate his constitutional rights. For example, the plaintiff argues that the Court did not adequately consider his allegation that Police Officer Torres issued him a ticket for spitting on the sidewalk in retaliation for his previous lawsuits, or his allegation that the Brooklyn District Attorney's Office used false testimony against him, or his allegation that the NYPD has continued to place minority groups under surveillance. The plaintiff argues that the Court "should have read the complaint as a whole and not piecemeal," that his allegations "must be placed in contexts [sic] with all others whom allege unlawful surveillance," and that each of the allegations in his complaint provide "another example of an overt act assaulting my rights by the city of New York pursuant to a custom of surveillance." (DE#95 at ¶¶ 4, 32, 41.) The plaintiff argues that his conspiracy allegations are not "disjointed" but rather plausibly set forth "a conspiracy in the furtherance of a custom of the city of New York, viz, a custom of surveillance that was the motivating factor" behind the actions alleged in the complaint. (Id. ¶¶ 36, 42.)

The Court considered each of the plaintiff's factual allegations, both independently and together. The plaintiff's motion for reconsideration reinforces the Court's reading of the complaint as alleging a broad conspiracy claim and not any discrete claims for relief against individual defendants. The Court considered the plaintiff's complaint as a whole when it reached the conclusion that the facts alleged do not permit the Court to draw a reasonable

3

inference that the incidents described were related, or that they were motivated by some kind of retaliatory or racial animus or "culture of surveillance." The Court finds no basis to reconsider that holding.

For the reasons stated herein, the plaintiff's motion for additional findings under Federal Rule of Civil Procedure 52(b) is denied. To the extent the plaintiff moves for reconsideration of the Court' May 11, 2012 Order dismissing the plaintiff's complaint, the motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
January 9, 2013

/S/ Chief Judge Carol B. Amon
_____
Carol Bagley Amon
Chief United States District Judge