UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENNIS LEE,

                    Plaintiff,

-against-

P.O. TORRES, Tax Registry No. 937644 of the City of New York in his Official Capacity, The CITY of NEW YORK, DEPARTMENT OF INSURANCE of the STATE of NEW YORK, DEPARTMENT of EDUCATION of the STATE OF NEW YORK, WILLIAM BROOKS, Hearing Officer for the Department of Education of the State of New York, in his Official Capacity, LAURETTE HARRIS of VESID, in her Official Capacity, MARK WEINSTEIN of VESID in his Official Capacity, BRIAN ALVARADO of VESID in his Official Capacity, JONA ASPERGER of VESID in her Official Capacity, ANGELA LOCKHART of VESID in her Official Capacity, The METORPOLITAN TRANSPORTATION AUTHORITY (MTA), THE NEW YORK CITY HOUSING AUTHORITY, G.M. McRAE of the NYCHA in her Official Capacity, MONIQUE LEBRON of the NYCHA in her Official Capacity.

                    Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-cv-2659 (CBA) (MDG)



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 26 2013 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

On June 2, 2011, plaintiff filed a complaint alleging a wide-ranging conspiracy to violate his constitutional rights. On May 11, 2012 the Court dismissed the plaintiff's complaint in its entirety on the grounds that the conspiracy allegations were "too vague, disjointed, and implausible to state a plausible claim for federal relief." (DE 93 at 8 ("May 11, 2012 Order").) The Court also denied the plaintiff's motion to add additional defendants to this action. The

1

judgment in the Court's May 11, 2012 Order was set out on a separate document in compliance with Rule 58(a). (DE 94.)

On May 14, 2012, the plaintiff filed a "Motion under Rule 52(a)(2) and Rule 52(b) of the FRCP for findings and conclusions by the Court." Noting that it was not required to make such findings and conclusions when ruling on a motion made pursuant to Fed. R. Civ. P. 12, as was the case in the May 11 Order, and that the May 11 Order specified its reasons for dismissing plaintiff's complaint, the Court denied plaintiff's request for additional findings. The Court then construed plaintiff's motion as one to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) and denied the motion. (DE 100 ("January 9, 2013 Order").)

On January 16, 2013, plaintiff requested pursuant to Fed. R. Civ. P. 58(d) that judgment in the Court's January 9, 2013 Order be set out in a separate document as required by Rule 58(a). Rule 58(a), however, specifies that a separate document is not required for an order disposing of a motion to amend or make additional findings under Rule 52(b) or to alter or amend the judgment under Rule 59. Plaintiff nonetheless argues that Rule 58(a)'s separate-document requirement applies because this action involved multiple claims and parties. He cites to Rule 54(b) in support.

Fed. R. Civ. P. 54(b) states, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Plaintiff's argument is unavailing. Rule 54(b) instructs when a court may direct entry of a final judgment on less than all of the issues in a case and has no bearing on a separate-document

2

requirement. As Rule 58(a) makes clear, whether a judgment must be set out in a separate document depends not on the number of claims or parties in an action but on the type of motion involved. The Court's January 9, 2013 Order ruled on motions falling into Rule 58(a)'s exceptions; thus, the judgment need not be set out in a separate document. Accordingly, plaintiff's request is denied.

SO ORDERED.

Dated: Brooklyn, New York
Feb. 25, 2013

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge